IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLOS ROCHA VILLAURRUTIA,                )
                                          )
                    Petitioner,           )
                                          )
v.                                        )     Case No. 25-3143-JWL
                                          )
Warden, FCI-Leavenworth,                  )
                                          )
                    Respondent.           )
                                          )
_____ )

## **MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the application of certain credits against his sentence. The Court **dismisses** the petition for failure to exhaust administrative remedies as required.

In his petition and traverse, petitioner concedes that he has not completed necessary steps to exhaust administrative remedies, and respondent has submitted evidence to corroborate that fact. Petitioner argues in his petition that exhaustion should be excused on the basis of futility, as follows:

> Petitioner has not filed BP-8 or BP-9 forms [required to pursue an administrative grievance] because staff at FPC Leavenworth continue to deny application of the May 28 and July 2025 directives [on which petitioner's claim is based]. Under these circumstances, exhaustion would be a futile gesture that delays relief from continued unlawful detention.

In his traverse, petitioner again asserts that exhaustion would be futile, both because the alleged calculation errors are caused by Bureau of Prisons (BOP) policy and because "facility-level" officials would not be able to override BOP policies that are being violated.

Petitioner was required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* at 1198. Petitioner first suggests that exhaustion would be futile here because Bureau of Prisons (BOP) officials are refusing to follow certain directives. The alleged failure to account for certain credits against his sentence is the very type of error that the BOP might correct once it is pointed out, and therefore the issue is one most appropriate to be addressed by way of the administrative process. Moreover, even if petitioner had shown that officials at his particular facility would not change their position regarding a refusal to follow agency-wide directives, the required administrative process involves appeals beyond petitioner's facility, to regional and national levels within the BOP, and thus there would be no basis for concluding that following that process to its completion would necessarily be futile. Thus, petitioner's citation merely to the merits of his claim is not sufficient to show futility.

Petitioner also cites the delay that may result from having to complete the administrative process. This Court has consistently held, however, that the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if a petitioner received the claimed credits, *see Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.), or because the petitioner may lose time in a residential reentry center, *see Garner v. United States*, 2021 WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.).

Thus, the Court concludes that petitioner has not provided a valid basis for excusing his failure to exhaust in this case. Accordingly, the Court dismisses the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed** for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated this 6th day of November, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge
